## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 26 2016, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy L. Coats,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 26, 2016<br><br>Court of Appeals Case No.<br>02A03-1510-CR-1657<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D06-1505-F6-406 |

**Baker, Judge.**

[1] Timothy Coats appeals his conviction for Resisting Law Enforcement,[1] a Level 6 Felony, arguing that there is insufficient evidence to support it. Finding the evidence sufficient, we affirm.

## Facts

[2] On May 1, 2015, Detective Strausborger of the Fort Wayne Police Department observed Coats driving a tan Buick in excess of sixty miles per hour in a thirty mile-per-hour zone. Detective Strausborger turned on his emergency lights and siren and attempted to initiate a traffic stop. Coats accelerated away at a high rate of speed and led Detective Strausborger on a high-speed chase for approximately a mile. Coats eventually pulled into an alley where he and the other occupants of the Buick jumped out and began to run while the car was still in motion. Detective Strausborger witnessed Coats jump out of the driver's side of the car.

[3] On May 7, 2015, Coats was charged with Level 6 felony resisting law enforcement. On August 19, 2015, a jury found him guilty as charged. The trial court sentenced Coats to two years imprisonment in the Department of Correction. Coats now appeals.

---

[1] Ind. Code § 35-44.1-3-1.

## Discussion and Decision

[4] When reviewing a challenge to the sufficiency of the evidence we will neither reweigh the evidence nor judge the credibility of the witnesses. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We consider only the evidence most favorable to the judgment and the reasonable inferences that can be drawn therefrom. *Id.* We will affirm if there is substantial evidence of probative value to allow a reasonable trier of fact to conclude that the defendant was guilty beyond a reasonable doubt. *Id.*

[5] Indiana Code section 25-44.1-3-1 provides the following:

> (a)　A person who knowingly or intentionally:
>
> ***
>
> (3)　flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop;
>
> commits resisting law enforcement, a Class A misdemeanor . . . .

The offense is raised to a Level 6 felony if the person flees by vehicle. I.C. 35-44.1-3-1(b).

[6] Coats argues that there is insufficient evidence from which a jury could have determined that he was the driver of the Buick. We disagree. Detective Strausborger testified that he was familiar with Coats from a previous

investigation and that he personally witnessed Coats exit from the driver's side of the Buick following the pursuit. Tr. p. 135, 144-45. This testimony was undoubtedly sufficient to allow a reasonable jury to conclude that Coats was the driver of the vehicle and, consequently, guilty of resisting law enforcement.

[7] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.